IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

RODNEY RAY                                                                              PLAINTIFF

VS.                                                         CIVIL ACTION NO. 2:01cv088-KS-JMR

ESTATE OF WALTER HARVEY                                                      DEFENDANT

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

THIS MATTER is before the court on Plaintiff Rodney Ray's motion for summary judgment. From its review of all matters made a part of the record of this case as well as applicable law, and being thus fully advised in the premises, the court FINDS that it does not have personal jurisdiction over the defendant and therefore that the motion should be DENIED.

On June 18, 2003, Plaintiff Ray filed a suggestion of death and motion seeking to substitute the Estate of Walter Harvey for Walter Harvey, a defendant in this action since its inception.[1] Federal Rule of Civil Procedure 25(a)(1) specifies that a motion for substitution "shall be served...upon persons not parties in the manner provided in Rule 4 for the service of summons." The plaintiff served the motion upon the attorney who represented Walter Harvey prior to his death[2] rather than upon the executor or administrator of Harvey's estate. Such service does not substitute for the process required by rule 25(a)(1): "Rule 4 service of the motion to substitute is for the purpose of acquiring personal jurisdiction over non-parties, and Rule 5 service of the motion is not

---

[1] Nearly a year before substitution was sought, the plaintiff had filed his fourth amended complaint. The record does not reflect that that complaint was served upon Walter Harvey prior to his death.

[2] On November 1, 2004, the attorney was authorized to withdraw from representation of Walter Harvey. The instant motion was served upon Ms. Robbie Harvey as executrix of the estate of Walter Harvey. No response has been filed.

2

sufficient to acquire such jurisdiction and cannot be employed in lieu of Rule 4." *Ransom v. Brennan,* 437 F.2d 513, 518 (5th Cir. 1971). Accordingly, this court does not have in personam jurisdiction over the estate. *Id.* at 519.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the order entered July 15, 2003, substituting the Estate of Walter Harvey in place of Walter Harvey [#132] should be and is hereby **VACATED**.

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff Rodney Ray's **MOTION FOR SUMMARY JUDGMENT** [#155] should be and is hereby is **DENIED.**

SO ORDERED and ADJUDGED on this, the 27th day of January, 2006.

s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE