IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

RODNEY RAY, et al.,                                                              PLAINTIFFS

VS.                                                   CIVIL ACTION NO. 2:01cv088-KS-MTP

ESTATE OF WALTER HARVEY, JR., et al.,                           DEFENDANTS

## ORDER DENYING MOTION TO DISMISS

THIS MATTER is before the court on Defendant Estate of Walter Harvey, Jr.'s motion to dismiss the Fourth Amended Complaint and the suggestion of death filed by Plaintiff Rodney Ray. From its review of all matters made a part of the record of this case as well as applicable law, and being thus fully advised in the premises, the court FINDS that the motion is not well taken and should be DENIED.

On June 18, 2003, Plaintiff Rodney Ray ("Plaintiff Ray") filed a suggestion of death and motion seeking to substitute Estate of Walter Harvey, Jr. ("Defendant Estate") for Walter Harvey, Jr., ("Mr. Harvey"), a defendant in this action since its inception in 2001.[1]  Mr. Harvey died on March 3, 2003.  Defendant Estate argues in its motion to dismiss that the suggestion of death was untimely because it was filed more than ninety days after Mr. Harvey's death and, therefore, Defendant Estate should be dismissed from this action.  However, this argument reflects a

---

[1] Following a hearing on the motion for substitution, Magistrate Judge Guirola entered his original order granting the motion to substitute Defendant Estate for Mr. Harvey on July 14, 2003.  This substitution order was subsequently vacated by this Court on January 27, 2006 because the motion to substitute had not been served on the administrator of the estate in accordance with Rule 25(a)(1) of the Federal Rules of Civil Procedure, but had only been served on Mr. Harvey's attorney.  On February 22, 2006, this Court ordered that Plaintiff Ray file proof within thirty days that he had served the administrator with the motion to substitute, the notice of hearing and a copy of the fourth amended complaint.  The administrator was served with these documents on March 20, 2006 and proof of such service was filed by Plaintiff Ray on March 23, 2006.

fundamental misunderstanding of Rule 25 of the Federal Rules of Civil Procedure.[2] Rule 25(a)(1), which governs the substitution of parties in the event of death, provides that an action shall be dismissed as to a deceased party "[u]nless the motion for substitution is made *not later than 90 days after the death is suggested* upon the record by service of a statement of the fact of the death..." (emphasis added). Thus, under the plain language of the rule, the ninety-day period for measuring timeliness of a motion to substitute runs from the date that the suggestion of death is served - not, as Defendant Estate argues, from when the deceased party has died. No time limit is specified for the service of the suggestion of death.[3] Thus, since the suggestion of death and motion to substitute were served within ninety days of each other, the motion to substitute was timely.

Defendant Estate additionally argues that the action against it should be dismissed because Plaintiff Ray did not file its claims against Defendant Estate in a timely manner. The Estate was opened March 27, 2003 in the Chancery Court of Walthall County, Mississippi (the "Estate Action"). Notice to creditors was published in The Tylertown Times on May 1, 8, 15, and 22, 2003. Plaintiff Ray filed a notice of claim in the Estate Action in the form of a Motion to Enjoin Sale of Estate Assets on September 8, 2003. Section 91-7-151 of the Mississippi Code Annotated provides that claims against the estates of deceased persons are barred if they are not registered "within ninety (90) days after the first publication of notice to creditors to present their claim." Thus, after notice to creditors was published, more than ninety days elapsed before Plaintiff Ray filed his notice of claim in the Estate Action. However, section 91-7-145 of the Mississippi Code Annotated also provides

---

[2] In its motion, Defendant Estate inexplicably cites to Rule 25 of the Mississippi Rules of Civil Procedure, rather than to Rule 25 of the Federal Rules of Civil Procedure. At any rate, the ninety-day requirement of both rules is the same.

[3] The Court notes that Plaintiff Ray has averred that it learned of Mr. Harvey's death on or about June 18, 2003, and it filed the suggestion of death and motion for substitution on the following day, June 18, 2003.

that an administrator of an estate "shall make reasonably diligent efforts to identify persons having claims against the estate," and the administrator must provide actual notice to such persons by mail. The Mississippi Supreme Court has held that mere publication does not bar a creditor from filing a claim if that creditor could have been ascertained through "reasonably diligent efforts." *In re Estate of Petrick*, 635 So. 2d 1389, 1392 (1994). No actual notice was ever given by the Defendant Estate to Plaintiff Ray. Plaintiff Ray argues that its claim was known to the original Administrator, Mr. Harvey's wife, that the Administrator had contact with Mr. Harvey's attorney who had full notice of the Plaintiff's claim and that any reasonable inquiry by the Estate Defendant would have identified the Plaintiff as a potential creditor. Defendant Estate has not responded to these arguments. Indeed, Mr. Harvey had been a defendant in this lawsuit since its inception in 2001. Accordingly, this Court finds that Plaintiff Ray's claims against Defendant Estate are not barred by its failure to file a notice of claim within ninety days of the publication of the first notice to creditors.

IT IS, THEREFORE, ORDERED AND ADJUDGED that Defendant Estate of Walter Harvey's **MOTION TO DISMISS** [#163] should be and is hereby **DENIED**.

SO ORDERED and ADJUDGED on this, the 14th day of August, 2006.

s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE